BOYNTON GASOLINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5342, 6909, 6910.   Promulgated March 9, 1927.

The petitioner is entitled to an annual deduction from gross income for the exhaustion of casing-head gas contracts owned by it.

*Charles H. Garnett, Esq.,* for the petitioner.
*B. H. Saunders, Esq.,* for the respondent.

These are proceedings for the redetermination of deficiencies in income and profits taxes in the amounts of $32,303.28 for the year 1918, $7,583.27 for the year 1919, and $4,557.17 for the year 1920. The only question involved is whether or not the petitioner, in computing its net income for each of the years 1918, 1919, and 1920, is entitled to a deduction as an allowance for the exhaustion of certain contracts. The several proceedings were consolidated for hearing and decision.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of Oklahoma, with its principal office at Tulsa. It is and was during the years 1918, 1919, and 1920, engaged in the business of manufacturing gasoline from casing-head gas.

In the year 1916 the petitioner's stockholders transferred to it, without any consideration, certain casing-head gas contracts which they then owned. The life of these contracts was equal to the life of the oil properties which they covered, that is, the petitioner was entitled to the casing-head gas from these properties as long as the same was produced. It is agreed by the parties to these proceedings that the contracts had, at the time they were acquired by the corporation, a fair market value of $100,000, and that the Commissioner allowed the corporation to include the contracts in invested capital at $100,000. They are also in accord as to the amount of the exhaustion of the contracts that occurred in each of the years 1918, 1919, and 1920. The Commissioner has reduced the petitioner's invested capital on account of the exhaustion of these contracts but has refused to allow any deduction from gross income on account of such exhaustion.

OPINION.

Marquette: The petitioner contends that, in computing its net income for each of the years 1918, 1919, and 1920, it is entitled to a deduction for the exhaustion of the contracts in question. It is conceded by the parties hereto that the contracts, when acquired by the petitioner, had a fair market value of $100,000, and there appears to be no controversy as to the method of computing the exhaustion of the contracts or the amount thereof that occurred in each of the taxable years under consideration. We are of the opinion that the contention of the petitioner is well taken and that it is entitled to the relief sought. When the petitioner acquired the contracts in question, it became possessed of an asset of the value of $100,000 and its total actual capital was increased by that amount. The assets so acquired immediately became part of the petitioner's capital and in disposing of the assets it is entitled to recover the value thereof before it can be said to realize any taxable income. We think that no one will dispute that if the petitioner had sold those contracts the next day after it acquired them, the measure of taxable gain would have been the selling price, less $100,000. In this case the petitioner disposes of the contracts by exhausting them over a period of years, and we are of the opinion that from the amount it receives from the contracts it is entitled to a pro rata deduction for their exhaustion, based upon the value at the date acquired. In the *Appeal of The Hub, Inc.*, 3 B. T. A. 1259, the facts were that the taxpayer on or about April 1, 1913, acquired by gift from its principal stockholders a leasehold which, at that time, had a life of fourteen years. The Commissioner refused to permit the Hub Company to include any amount in invested capital on account of said leasehold or to take any deduction from gross income for the fiscal years ending January 31, 1920, and January 31, 1921, on account of the exhaustion of the leasehold. The Board held that the leasehold in question had a fair market value of $42,000 when acquired by the taxpayer, and that the taxpayer was entitled to include that value in its invested capital, and to deduct, in computing its net income for each of the taxable years involved, an allowance of $3,000 for the exhaustion of the leasehold. The decision in that appeal, in so far as it involves the question of the deduction for exhaustion, is applicable here, and we hold that the petitioner herein is entitled, in computing its net income for each of the years 1918, 1919 and 1920, to a deduction for the exhaustion of the contracts in question. We express no opinion as to the propriety of the Commissioner's action in including the value of the contracts in the petitioner's invested capital, as that question has not been raised.

*Judgment will be entered on 15 days' notice, under Rule 50.*